### IN THE UNITED STATES DISTRICT
### SOUTHERN DISTRICT OF INDIANA
### AT INDIANAPOLIS

| | | |
|---|---|---|
| **KELLEY RHODA** | : | |
| 10361 Shades Court | | |
| Indianapolis, Indiana 46239 | : | **CASE NO.** |
| | | |
| Plaintiff, | : | |
| | | |
| -vs- | : | |
| | | |
| **CITY OF INDIANAPOLIS** | : | |
| 200 East Washington Street, Suite 1601 | | |
| Indianapolis, IN 46204 | : | |
| | | |
| **CHRISTOPHER BAILEY** | : | |
| Chief of Police | | |
| Indianapolis Metropolitan Police Department | : | |
| 50 N. Alabama Street | | |
| Indianapolis, Indiana 46204 | : | |
| | | |
| and | : | |
| | | |
| **Various JOHN DOES 1-10,** | : | |
| Defendants. | : | |

---

### VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

This is an action for money damages to redress the deprivation of protected rights by Defendant Christopher Bailey, Chief of Police of the Indianapolis Metropolitan Police Department, and the City of Indianapolis of the State of Indiana of the rights secured to Plaintiffs by the Constitution and laws of the United States, including of the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C.

§12101 et seq. and the Constitution and laws of the State of Indiana.  The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act.  Plaintiff suffered severe financial harm from sexual harassment, hostile work environment, and, which was a result of permanent injuries that were aggravated while in the employment of the Defendants.

## JURISDICTION AND VENUE

1. This action arises under the Title VII of the Civil Rights Act of1964, 42U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., . of 1972, 29 U.S.C. §701 et seq., 29 U.S.C. §621 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act and the principal of pendent jurisdiction.

2. This action also includes the state law violations of hostile work environment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is appropriate in the district pursuant to 28 U.S.C. §1391(b), because during relevant time, Defendant were residing in or had agents or transacted their illegal conduct in this district.  Venue is also appropriate in this district because this is the judicial district in which the claims arose.  Venue is also appropriate in this district because of the exclusive jurisdiction concerning violations of under the Title VII of the Civil Rights Act of1964, 42U.S. C. §2000e-§§2000e-17, and the Rehabilitation Act, 5 U.S.C. §1502, 29 U.S.C. §621 et seq., and Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq.

5. The acts constituting the violation of federal, state and common law complained of herein

have occurred and unless restrained and enjoined or otherwise redressed will continue in the Southern District of Indiana.

## **<u>PARTIES</u>**

6. During all times mentioned in this Complaint, Plaintiff Kelley Rhoda was, and is, an individual adult citizen of the United States residing at 10361 Shades Court, Indianapolis, Indiana 46239.  At the time of the events described herein, Defendants City of Indianapolis and Christopher Bailey, Chief of Police for the Indianapolis Metropolitan Police Department of Indianapolis, Indiana employed Plaintiff Kelley Rhoda in Marion County, Indiana.

7. During all times mentioned in this Complaint, the Defendant City of Indianapolis that is a recipient of federal funding, is being sued as the governing and policy making body for employees of the city and county government for Marion County, Indiana is being sued as being responsible for violating by the Constitution and laws of the United States, including  Title VII of the Civil Rights Act of1964, 42U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., . of 1972, 29 U.S.C. §701 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana.  The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the Plaintiffs and in violation of statutorily mandated protections outlined in Ind. Code §12-10-3-11(c), Ind. Code §22-5-3-1.  Defendant City of Indianapolis has a principal place of business located at 200 East Washington Street, Suite 1601, Indianapolis, Indiana 46204.

8. During all times mentioned in this Complaint, the Christopher Bailey, Chief of the Indianapolis Metropolitan Police Department of Marion County, Indiana is being sued in his organizational capacity as being responsible for violating by the Constitution and laws

of the United States, for violating the Title VII, the Rehabilitation Act, Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana.  The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the Plaintiff and the resulting in the injuries suffered by the Plaintiffs. Defendant Christopher Bailey, Chief of the Indianapolis Metropolitan Police Department, Marion County, Indiana has had a principal place of business located at 39 Jackson Place, Indianapolis, Indiana 46225.

9.    During all time mentioned in this Complaint, it is believed that various John Does 1-10, participated in concert with Defendants City of Indianapolis, Indianapolis Metropolitan Police Department and Christopher Bailey, Chief of Indianapolis Metropolitan Police Department for violating the rights secured to Plaintiff  by the Constitution and laws of the United States, including Title VII, the Rehabilitation Act, Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana resulting in the injuries suffered by the Plaintiff.

<b><u>ADMINISTRATIVE COMPLIANCE</u></b>

10.    In July 2025, Plaintiff Kelley Rhoda filed charges of employment discrimination against Indianapolis Police Department of the City of Indianapolis, Marion County, Indiana with the Federal Equal Employment Opportunity Commission (EEOC).  Copies of the Notices are attached hereto as Exhibit A and incorporated herein by reference.  It should be noted that these claims are not required to be administratively adjudicated prior to institution of this action.

11.    On or about February 10, 2026, Plaintiff Kelley Rhoda received a "Notice of Suit Rights" from the EEOC.  Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Noice.

12. On or about August 14, 2025, Plaintiff Kelley Rhoda served the City of Indianapolis with a Tort Claim Notice and Notice of Tort Claim for Property and/or Personal Property. Attached hereto as Exhibit C and incorporate herein by reference are true and accurate copies of the Notice.

**STATEMENT OF FACTS AS TO PLAINTIFF KELLEY RHODA**

13. Plaintiff, Kelley Rhoda who is a citizen of the United States and a resident of the county of Marion, State of Indiana.

14. Plaintiff Kelley Rhoda is a 45-year-old white female.

15. Plaintiff Rhoda began her employment as a police officer with the Indiana Metropolitan Police Department on February 10, 2010.

16. Plaintiff Rhoda during the course of her initial training at IMPD was advised that upon becoming a female police officer that she would become a "bitch whore or lesbian".

17. Plaintiff Rhoda was also asked by her training officer form IMPD during training if she had children, and if so, where they by vaginal birth.

18. During the initial training, Plaintiff Rhoda was also required to lift her shirt over her head to expose her chest to the same male IMPD instructor,

19. Plaintiff Rhoda experienced harassment and sexual harassment from a Sergeant Gehring of IMPD when he made the following comments and conduct:

    a. That he loved to look at her "ass" in her uniform pants;

    b. That he stole pictures from her cell phone;

    c. That he came to her house uninvited at 2 AM in the morning claiming to be returning a pair of handcuffs;

    d. Sergeant Gehring told Plaintiff he wanted to "fuck" her of the trunk of her police vehicle.

    e. The officer accused Plaintiff of encouraging him to have contact with her.

20. When Plaintiff Rhoda complained of the conduct in paragraph 18 herein, she was investigated for her text messages to Sergeant Gehring.

21. Plaintiff complained about the conduct of Sergeant Gehring to IMPD, thereafter there was no discipline for Gehring, but Plaintiff Rhoda was disciplined for raising the issue.

22. Plaintiff Rhoda experienced harassment and sexual harassment from Officer Heiny of IMPD when he made the following comments and conduct:

      a. Confronting her intentionally while in court, making her feel emotionally uncomfortable by his approach towards a female officer.

      b. Heiny was caught at Plaintiff's residence in the late night/early morning hours peering into her windows, when confronted, he lied about his intentions. When informing IMPD, they accused Plaintiff of luring him there and asked for proof by going through her cell phone.

23. Plaintiff complained about the conduct of Officer Heiny to her supervisor at IMPD which resulted in no discipline.

24. The supervisor responded to Plaintiff's complaint by investigating to determine if she had lured him by going through her cell phone.

25. Again, IMPD responded to Plaintiff's complaint by investigating to determine if she had text message with Sergeant Heiny by going through her cell phone.

26. IMPD took no disciplinary action against said Officer Heiny for the alleged conduct towards Plaintiff Rhoda.

27. Sergeant Daggy of Vice made statements to Detective Brian Durham, a Detective in the Vice Unit, saying he could not hire her because if he did he would "try to fuck her and would be fired".

28. Plaintiff Rhoda was detailed to the Narcotics division in approximately 2014 when Lieutenant Black of IMPD gained access to some of her vacation photographs.

29. With Plaintiff Rhoda photographs, Lieutenant Black posted said photographs on an adult website suggesting that Rhoda was a prostitute.

30. Plaintiff Rhoda complained to IMPD, but no discipline was imposed nor was Rhoda claims investigated to clear her name; she was never informed of any action taken by IMPD on this complaint.

31. Subsequently, Plaintiff Rhoda was assigned by IMPD to work with Lieutenant Black pm traffic patrol knowing that he was the cause of the adult site listing.

32. The cumulative effect of this harassing treatment towards Plaintiff Rhoda by her superiors and the lack of support from IMPD, Rhoda had developed severe anxiety and depression which caused her to be diagnosed with Post Traumatic Stress Disorder (PTSD).

33. Plaintiff Rhoda sought the assistance of a psychologist who prescribed that she needed to take a leave of absence for a three-month period from November 2024 to January 2025

34. Upon Plaintiff Rhoda's return to IMPD, she continued to suffer from the PTSD.

35. IMPD caused Plaintiff Rhoda to be treated at Chateau Health & Wellness in Oakley, Utah for treatment of her PTSD for a period of four weeks during April-May 2025.

36. After receiving the treatment at Chateau Health & Wellness Center, Plaintiff Rhoda attempted to return to full-time duty at IMPD.

37. Plaintiff Rhoda was unable to pass a fitness for duty exam by IMPD.

38. Plaintiff Rhoda was placed on sick leave by Therapist Amy Ikerd with a diagnosis of adjustment disorder, PTSD, anxiety and stress for a period of two months.

39. Plaintiff Rhoda after a fitness for duty by an IMPD psychologist was placed on light duty in the North District for perform clerical duties.

40. Plaintiff Rhoda at the inception of starting her assignment received disparate treatment as to other similarly situated light duty designees by the following acts:

a. Only one assigned dayshift hours of 0530 to 1330 with the other employees having shift hours of 0800 to 1600.

b. All other light duty designees were assigned to a specific unit or detail with Plaintiff Rhoda being the only officer assigned to the Public Assistance Officer.

c. Plaintiff Rhoda was required to text every on-duty supervisor every time she entered

41. Plaintiff Rhoda experienced disparate treatment when she used was using an under lamp instead of the overhead fluorescent lights for which she was disciplined but was acceptable for other members of the staff at IMPD.

44. Plaintiff was not permitted to have her firearm while under disability, but it was not returned to her in accordance with IMPD for the operation of an IMPD vehicle or reporting to the IMPD offices.

## FIRST CAUSE OF ACTION
### (Violation of Americans with Disabilities Act)

45. Plaintiff re-alleges the allegations contained in paragraphs 1 through 48 as if fully rewritten herein.

46. Plaintiff has suffered from Post Traumatic Stress Disorder (PTSD) since as early as 2023.

47. Defendants knew that Plaintiff was suffering from a debilitating disability.

48. Defendants could have provided reasonable accommodation for the Plaintiff to prevent further deterioration during her employment.

49. Defendants have treated Plaintiff with deliberate indifference in Plaintiff's employment because of her disability.

50. Plaintiff was treated disparately when compared to others that had been involved in incidents while being involved in shootings when working on duty for the Indianapolis Metropolitan Police Department.

## SECOND CAUSE OF ACTION

### (Title VII and §1982(a) Sex Discrimination)

51.    Plaintiff Rhoda re-alleges paragraphs one through forty-one as if fully re-written herein.

52.    Plaintiff Rhoda is a female. Plaintiff Rhoda had all the necessary physical and mental capabilities to successfully perform her position.

53.    During the relevant time periods, plaintiff did make serious efforts to perform her position as a Pollice Officer but was systematically denied her position when her superiors suggested that she had violated department procedures.

54.    Defendant City of Indianapolis's sexually discriminatory conduct was based upon the fact that Plaintiff Rhoda is a female and constituted unlawful sex discrimination.

55.    Defendant City of Indianapolis did nothing to remedy the complaint of a hostile work environment by reason of the conduct exhibited towards plaintiff.

56.    Defendant City of Indianapolis's sexual discrimination has deprived Plaintiff Rhoda of equal employment opportunities in violation of 42 U.S.C. §2000e-2, §2000e-5 and U.S.C. §1981(a).

57.    At all times material herein, Defendant City of Indianapolis has acted with malice toward plaintiff and with reckless indifference to plaintiff's rights.

58.    As a proximate result of Defendant City of Indianapolis's sexual discrimination, Plaintiff Rhoda has been and is now being deprived of income in the form of wages and other fringe benefits, including pension rights, for which defendants are liable, in an amount to be proven at trial.

59. As a further and proximate result of Defendant City of Indianapolis's sexual discrimination, Plaintiff Rhoda has suffered emotional distress, humiliation, embarrassment, and mental anguish, for which defendants are liable.

## THIRD CAUSE OF ACTION
### (Retaliation)

60. Plaintiff Rhoda re-alleges paragraphs one through fifty as if fully re-written herein.

61. The conduct of Defendants City of Indianapolis, the City of Indianapolis Police Department and Defendant Short and others in the discouragement and treatment of Plaintiff from her position as Police Officer was in retaliation for Plaintiff's prior complaints concerning sexual harassment, misrepresentations of the work performance and safety procedures within the department which had been successful and part of the course of practice and custom of the department. Said retaliation by Defendants was done for the purpose of causing damage to Plaintiff through the loss of her position and damages to her property and persons.

## FOURTH CAUSE OF ACTION
### (§§501, 504, Rehabilitation Act of 1973)

62. Plaintiff re-alleges the allegations contained in paragraphs one through fifty-two as if fully rewritten.

63. Plaintiff is not required to exhaust his Title VII remedies under Section 504 of the Rehabilitation Act.

64. Plaintiff has a private cause of action under Sections 501 and 504 of the Rehabilitation Act of 1973, as amended.

65. Defendant is required under Section 501 of the Rehabilitation Act to take affirmative steps to ensure that individuals with disabilities have equal access to employment opportunities.

66.    Defendant placed plaintiff in an employment position that was not to accommodate plaintiff's mental disability.

67.    Defendant knew that plaintiff had this disability but refused to offer employment that would accommodate this disability.

68.    Plaintiff is a person with a disability defined by the Rehabilitation Act of 1973.

69.    Defendant's refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified employee, solely on the basis of his disability violates Section 501 of the Rehabilitation Act, 29 U.S.C. §791.

70.    Defendant's refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified, solely on the basis of his disability, violates Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

## <u>FIFTH CAUSE OF ACTION</u>
### (Negligent infliction of emotional distress)

71.    Plaintiff reasserts the allegations in paragraph one through sixty-one as if fully rewritten herein.

72.    The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

73.    During 2022 and subsequently, Defendants, acting under their authority, made the above statements recklessly about Plaintiff.

74.    The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

75.    The conduct of the Defendants was extreme and outrageous.

76.    The Plaintiff incurred severe emotional distress as a result of the Defendant's conduct.

## SIXTH CAUSE OF ACTION
### (Intentional infliction of emotional distress)

77.    Plaintiff reasserts the allegations in paragraph one through sixty-seven as if fully rewritten herein.

78.    The acts of Defendant City of Indianapolis were extreme and outrageous, and Defendants acted recklessly or with the intent of causing the Plaintiff severe emotional distress.

79.    The Plaintiff incurred severe emotional distress as a result of Defendants' conduct.

80.    The Defendants are liable for the acts of their employees under the doctrine of respondeat superior.

**WHEREFORE**, Plaintiff hereby respectfully demands the following relief:

a) An award, jointly and severally in excess of the trial court's minimum jurisdictional amount for each and every cause of action, against each of the Defendants, of the Plaintiffs' damages on the First, Second, Third, Fourth, Fifth, Sixth, Seven, Eighth and Ninth causes of action herein, along with interest and costs thereon.

b) An award, jointly and severally, against defendants of punitive and exemplary damages of $500,000.

c) Such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

THE GREEN LAW FIRM L.P.A., INC.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Kelley Rhoda
Indiana Supreme Court Reg. 22154-18
4015Executive Park Drive, Suite 230
Cincinnati, Ohio 45241
(513) 769-0840
FAX (513) 563-2953
fhgreen@thegreenlawfirm.org

## **JURY DEMAND**

It is hereby demanded by Plaintiff Kelley Rhoda that this matter be tried before a jury of her peers.

/s/ *F. Harrison Green*

F. Harrison Green, Trial Attorney for
Plaintiff Kelley Rhoda

## <u>VERIFICATION</u>

STATE OF ~~OHIO~~ Indiana )
                              ) SS:
COUNTY OF Johnson         )

I, Kelley Rhoda, have read the foregoing Verified Complaint against the City of Indianapolis and Christopher Bailey and Various John Does. I hereby certify that the above stated is true and accurate to the best of my knowledge.

_____
KELLEY RHODA

Sworn to and subscribed before me this ___14___ day of ___May___,
2026.

| RENEE TAYLOR |
| NOTARY PUBLIC - SEAL |
| STATE OF INDIANA |
| COMMISSION NUMBER NP0645304 |
| MY COMMISSION EXPIRES JUNE 20, 2029 |

_____
NOTARY PUBLIC