**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KELLEY RHODA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF INDIANAPOLIS, CHRISTOPHER BAILEY (Chief of Police, Indianapolis Metropolitan Police Department), and VARIOUS JOHN DOES 1-10,<br><br>Defendants. | ) | Case No. 1:26-cv-00993-JRO-TAB |

**DEFENDANTS CITY OF INDIANAPOLIS AND CHRISTOPHER BAILEY'S ANSWER AND DEFENSES TO PLAINTIFF'S <u>VERIFIED COMPLAINT WITH JURY DEMAND</u>**

Defendants City of Indianapolis and Christopher Bailey (Chief of Police, Indianapolis Metropolitan Police Department) (collectively, "Defendants"), by counsel, for their Answer and Defenses to Plaintiff's Verified Complaint with Jury Demand ("Plaintiff's Complaint"), state as follows:

This is an action for money damages to redress the deprivation of protected rights by Defendant Christopher Bailey, Chief of Police of the Indianapolis Metropolitan Police Department, and the City of Indianapolis of the State of Indiana of the rights secured to Plaintiffs [*sic*] by the Constitution and laws of the United States, including of the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII of the Civil Rights Act of1964 [*sic*], 42U.S. C. [*sic*] §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. § 701 et seq., U.S.C. §621 et seq., Americans with Disability[sic] Act of 1990, as Amended, 42 U.S.C. §12101 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively

displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act. Plaintiff suffered severe financial harm from sexual harassment, hostile work environment, and, which was a result of permanent injuries that were aggravated while in the employment of the Defendants.

**ANSWER:** Defendants deny the allegations in the introductory paragraph, deny that they violated any federal or state law with respect to Plaintiff's employment, and deny that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

1. This action arises under the Title VII of the Civil Rights Act of1964 [*sic*], 42U.S. C. [*sic*] §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., . of 1972, [*sic*] 29 U.S.C. §701 et seq., 29 U.S.C. §621 et seq., Americans with Disability [*sic*] Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act and the principal of pendent jurisdiction.

**ANSWER:** Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint, deny that they violated any federal or state law with respect to Plaintiff's employment, and deny that Plaintiff is entitled to any relief whatsoever.

2. This action also includes the state law violations of hostile work environment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

**ANSWER:** Defendants deny the allegations in Paragraph 2 of Plaintiff's Complaint, deny that they violated any federal or state law with respect to Plaintiff's employment, and deny that Plaintiff is entitled to any relief whatsoever.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

**ANSWER:** Defendants admit that Plaintiff claims the amount in controversy exceeds $75,000 as alleged in Paragraph 3 but deny that Plaintiff is entitled to any damages or relief whatsoever.

4. Venue is appropriate in the district pursuant to 28 U.S.C. §1391(b), because during relevant time, Defendant[sic] were residing in or had agents or transacted their illegal conduct in this district. Venue is also appropriate in this district because this is the judicial district in which the claims arose. Venue is also appropriate in this district because of the exclusive jurisdiction concerning violations of under [*sic*] the Title VII of the Civil Rights Act of1964 [*sic*], 42U.S. C. [*sic*] §2000e-§§2000e-17, and the Rehabilitation Act, 5 U.S.C. §1502, 29 U.S.C. §621 et seq., and Americans with Disability [*sic*] Act of 1990, as Amended, 42 U.S.C. §1210 [*sic*] et seq.

**ANSWER:** Defendants admit that venue is proper in this Court but deny that they engaged in "illegal conduct," and deny that they violated any federal or state law with respect to Plaintiff's employment.

5. The acts constituting the violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Southern District of Indiana.

**ANSWER:** Defendants admit that jurisdiction is proper, but deny that that they violated any federal or state law with respect to Plaintiff's employment and deny that Plaintiff is entitled to any relief whatsoever.

## PARTIES

6. During all times mentioned in this Complaint, Plaintiff Kelley Rhoda was, and is, an individual adult citizen of the United States residing at 10361 Shades Court, Indianapolis, Indiana 46239. At the time of the events described herein, Defendants City of Indianapolis and Christopher Bailey, Chief of Police for the Indianapolis Metropolitan Police Department of Indianapolis, Indiana employed Plaintiff Kelley Rhoda in Marion County, Indiana.

**ANSWER:** Defendants admit that Plaintiff was employed by the City of Indianapolis in the Indianapolis Metropolitan Police Department. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint regarding Plaintiff's citizenship and residence and, therefore, deny them. Defendants deny any remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. During all times mentioned in this Complaint, the Defendant City of Indianapolis that is a recipient of federal funding, is being sued as the governing and policy making body for employees of the city and county government for Marion County, Indiana is being sued as being responsible for violating by the Constitution and laws of the United States, including Title VII of the Civil Rights Act of1964, 42U.S. C. §2000e-§§2000e-17, the Rehabilitation Act of 1972, 29 U.S.C. §701 et seq., . of 1972, 29 U.S.C. §701 et seq., Americans with Disability Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the Plaintiffs[sic] and in violation of statutorily mandated protections outlined in Ind. Code §12-10-3-11(c), Ind. Code §22-5-3-1. Defendant City of Indianapolis has a principal place of business located at 200 East Washington Street, Suite 1601, Indianapolis, Indiana 46204.

**ANSWER:** Defendants admit that the City of Indianapolis is a municipal corporation, a recipient of certain federal funding, and that its principal place of business is at 200 East Washington Street, Indianapolis, Indiana. Defendants deny that that they violated any federal or state law with respect to Plaintiff's employment, deny that Plaintiff is entitled to any relief whatsoever, and deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. During all times mentioned in this Complaint, the [*sic*] Christopher Bailey, Chief of the Indianapolis Metropolitan Police Department of Marion County, Indiana is being sued in his organizational capacity as being responsible for violating by [*sic*] the Constitution and laws of the United States, for violating the Title VII, the Rehabilitation Act, Americans with Disability[sic] Act of 1990, as Amended, 42 U.S.C. §1210 et seq. and the Constitution and laws of the State of Indiana. The Defendants constructively displaced Plaintiff Kelley Rhoda's employment in violation of the Rehabilitation Act resulting in the injuries suffered by the Plaintiff and the resulting in the injuries suffered by the Plaintiffs[sic]. Defendant Christopher Bailey, Chief of the Indianapolis Metropolitan Police Department, Marion County, Indiana has had a principal place of business located at 39 Jackson Place, Indianapolis, Indiana 46225.

**ANSWER:** Defendants admit that from 2024 to a portion of 2026 Christopher Bailey was the Chief of Police of the Indianapolis Metropolitan Police Department. Defendants deny that Christopher Baily is the current Chief of Police, deny that that they violated any federal or state law with respect to Plaintiff's employment, deny that Plaintiff is entitled to any relief whatsoever, and deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. During all time mentioned in this Complaint, it is believed that various John Does 1-10, participated in concert with Defendants City of Indianapolis, Indianapolis Metropolitan Police Department and Christopher Bailey, Chief of Indianapolis Metropolitan Police Department for

violating the rights secured to Plaintiff by the Constitution and laws of the United States, including Title VII, the Rehabilitation Act, Americans with Disability [*sic*] Act of 1990, as Amended, 42 U.S.C. §1210 [*sic*] et seq. and the Constitution and laws of the State of Indiana resulting in the injuries suffered by the Plaintiff.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations regarding unidentified individuals and, therefore, deny them. Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

## ADMINISTRATIVE COMPLIANCE

10. In July 2025, Plaintiff Kelley Rhoda filed charges of employment discrimination against Indianapolis Police Department of the City of Indianapolis, Marion County, Indiana with the Federal Equal Employment Opportunity Commission (EEOC). Copies of the Notices are attached hereto as Exhibit A and incorporated herein by reference. It should be noted that these claims are not required to be administratively adjudicated prior to institution of this action.

**ANSWER:** Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Defendants deny that a copy of the notices was attached as Exhibit A to the Complaint and deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. On or about February 10, 2026, Plaintiff Kelley Rhoda received a "Notice of Suit Rights" from the EEOC. Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Noice.

**ANSWER:** Defendants admit that the EEOC issued a Notice of Right to Sue. Defendants are without sufficient knowledge or information to admit or deny the date Plaintiff received the

Notice of Right to Sue and, therefore, deny it. Defendants deny that a copy of the "Notice of Suit Rights" was attached as Exhibit B to the Complaint and deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. On or about August 14, 2025, Plaintiff Kelley Rhoda served the City of Indianapolis with a Tort Claim Notice and Notice of Tort Claim for Property and/or Personal Property. Attached hereto as Exhibit C and incorporate herein by reference are true and accurate copies of the Notice.

**ANSWER:** Defendants are currently without sufficient information to admit or deny whether Plaintiff served a Tort Claim Notice upon the City of Indianapolis. Defendants deny that a copy of the Tort Claim Notice was attached as Exhibit C to the Complaint and deny the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

**STATEMENT OF FACTS AS TO PLAINTIFF KELLEY RHODA**

13. Plaintiff, Kelley Rhoda who[*sic*] is a citizen of the United States and a resident of the county of Marion, State of Indiana.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and, therefore, deny them.

14. Plaintiff Kelley Rhoda is a 45-year-old white female.

**ANSWER:** Defendants admit the allegation in Paragraph 14 of Plaintiff's Complaint.

15. Plaintiff Rhoda began her employment as a police officer with the Indiana [*sic*] Metropolitan Police Department on February 10, 2010.

**ANSWER:** Defendants admit that Plaintiff was employed by the Indianapolis Metropolitan Police Department as a patrol officer. Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. Plaintiff Rhoda during the course of her initial training at IMPD was advised that upon becoming a female police officer that she would become a "bitch whore or lesbian".

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, deny them.

17. Plaintiff Rhoda was also asked by her training officer form [*sic*] IMPD during training if she had children, and if so, where [*sic*] they by vaginal birth.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint and, therefore, deny them.

18. During the initial training, Plaintiff Rhoda was also required to lift her shirt over her head to expose her chest to the same male IMPD instructor,

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint and, therefore, deny them.

19. Plaintiff Rhoda experienced harassment and sexual harassment from a Sergeant Gehring of IMPD when he made the following comments and conduct:

a. That he loved to look at her "ass" in her uniform pants;

b. That he stole pictures from her cell phone;

c. That he came to her house uninvited at 2 AM in the morning claiming to be returning a pair of handcuffs;

d. Sergeant Gehring told Plaintiff he wanted to "fuck" her of the trunk of her police vehicle.

e. The officer accused Plaintiff of encouraging him to have contact with her.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint and, therefore, deny them.

20. When Plaintiff Rhoda complained of the conduct in paragraph 18 [*sic*] herein, she was investigated for her text messages to Sergeant Gehring.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint and, therefore, deny them.

21. Plaintiff complained about the conduct of Sergeant Gehring to IMPD, thereafter there was no discipline for Gehring, but Plaintiff Rhoda was disciplined for raising the issue.

**ANSWER:** Defendants deny that Plaintiff was issued discipline for any reason other than her own conduct. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, deny them.

22. Plaintiff Rhoda experienced harassment and sexual harassment from Officer Heiny of IMPD when he made the following comments and conduct:

a. Confronting her intentionally while in court, making her feel emotionally uncomfortable by his approach towards a female officer.

b. Heiny was caught at Plaintiff's residence in the late night/early morning hours peering into her windows, when confronted, he lied about his intentions. When informing IMPD, they accused Plaintiff of luring him there and asked for proof by going through her cell phone.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint and, therefore, deny them.

23. Plaintiff complained about the conduct of Officer Heiny to her supervisor at IMPD which resulted in no discipline.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint and, therefore, deny them.

24. The supervisor responded to Plaintiff's complaint by investigating to determine if she had lured him by going through her cell phone.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of Plaintiff's Complaint and, therefore, deny them.

25. Again, IMPD responded to Plaintiff's complaint by investigating to determine if she had text message with Sergeant Heiny by going through her cell phone.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint and, therefore, deny them.

26. IMPD took no disciplinary action against said Officer Heiny for the alleged conduct towards Plaintiff Rhoda.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint and, therefore, deny them.

27. Sergeant Daggy of Vice made statements to Detective Brian Durham, a Detective in the Vice Unit, saying he could not hire her because if he did he would "try to fuck her and would be fired".

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of Plaintiff's Complaint and, therefore, deny them.

28. Plaintiff Rhoda was detailed to the Narcotics division in approximately 2014 when Lieutenant Black of IMPD gained access to some of her vacation photographs.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint and, therefore, deny them.

29. With Plaintiff Rhoda photographs, Lieutenant Black posted said photographs on an adult website suggesting that Rhoda was a prostitute.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of Plaintiff's Complaint and, therefore, deny them.

30. Plaintiff Rhoda complained to IMPD, but no discipline was imposed nor was Rhoda claims investigated to clear her name; she was never informed of any action taken by IMPD on this complaint.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint and, therefore, deny them.

31. Subsequently, Plaintiff Rhoda was assigned by IMPD to work with Lieutenant Black pm [*sic*] traffic patrol knowing that he was the cause of the adult site listing.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of Plaintiff's Complaint and, therefore, deny them.

32. The cumulative effect of this harassing treatment towards Plaintiff Rhoda by her superiors and the lack of support from IMPD, Rhoda had developed severe anxiety and depression which caused her to be diagnosed with Post Traumatic Stress Disorder (PTSD).

**ANSWER:** Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Plaintiff Rhoda sought the assistance of a psychologist who prescribed that she needed to take a leave of absence for a three-month period from November 2024 to January 2025

**ANSWER:** Defendants admit that Plaintiff began a leave of absence in November 2024. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 33 of Plaintiff's Complaint and, therefore, deny them.

34. Upon Plaintiff Rhoda's return to IMPD, she continued to suffer from the PTSD.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint and, therefore, deny them.

35. IMPD caused Plaintiff Rhoda to be treated at Chateau Health & Wellness in Oakley, Utah for treatment of her PTSD for a period of four weeks during April-May 2025.

**ANSWER:** Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. After receiving the treatment at Chateau Health & Wellness Center, Plaintiff Rhoda attempted to return to full-time duty at IMPD.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of Plaintiff's Complaint and, therefore, deny them.

37. Plaintiff Rhoda was unable to pass a fitness for duty exam by IMPD.

**ANSWER:** Defendants admit the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Plaintiff Rhoda was placed on sick leave by Therapist Amy Ikerd with a diagnosis of adjustment disorder, PTSD, anxiety and stress for a period of two months.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint and, therefore, deny them.

39. Plaintiff Rhoda after a fitness for duty by an IMPD psychologist was placed on light duty in the North District for perform [*sic*] clerical duties.

**ANSWER:** Defendants admit that Plaintiff was placed on light duty after a fitness for duty evaluation. Defendants deny the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40. Plaintiff Rhoda at the inception of starting her assignment received disparate treatment as to other similarly situated light duty designees by the following acts:

a. Only one assigned dayshift hours of 0530 to 1330 with the other employees having shift hours of 0800 to 1600.

b. All other light duty designees were assigned to a specific unit or detail with Plaintiff Rhoda being the only officer assigned to the Public Assistance Officer.

c. Plaintiff Rhoda was required to text every on-duty supervisor every time she entered

**ANSWER:** Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Plaintiff Rhoda experienced disparate treatment when she used was using [*sic*] an under lamp instead of the overhead fluorescent lights for which she was disciplined but was acceptable for other members of the staff at IMPD.

**ANSWER:** Defendants deny that Plaintiff received discipline for anything other than her own inappropriate conduct. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of Plaintiff's Complaint and, therefore, deny them.

[PARAGRAPHS 42 AND 42 WERE OMITTED FROM PLAINTIFF'S COMPLAINT]

44. Plaintiff was not permitted to have her firearm while under disability, but it was not returned to her in accordance with IMPD for the operation of an IMPD vehicle or reporting to the IMPD offices.

**ANSWER:** Defendants admit that Plaintiff's firearm was retrieved from and not returned to her for a period of time. Defendants deny the remaining allegations in Paragraph 44 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of Americans with Disabilities Act)**

45. Plaintiff re-alleges the allegations contained in paragraphs 1 through 48 [*sic*] as if fully rewritten herein.

**ANSWER:** Defendants restate their answers to the allegations in Paragraphs 1 through 44 of Plaintiff's Complaint as if fully stated herein.

46. Plaintiff has suffered from Post Traumatic Stress Disorder (PTSD) since as early as 2023.

**ANSWER:** Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of Plaintiff's Complaint and, therefore, deny them.

47. Defendants knew that Plaintiff was suffering from a debilitating disability.

**ANSWER:** Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Defendants could have provided reasonable accommodation for the Plaintiff to prevent further deterioration during her employment.

**ANSWER:** The allegations in Paragraph 48 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants have treated Plaintiff with deliberate indifference in Plaintiff's employment because of her disability.

**ANSWER:** Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Plaintiff was treated disparately when compared to others that had been involved in incidents while being involved in shootings when working on duty for the Indianapolis Metropolitan Police Department.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**(Title VII and § 1982(a)[*sic*] Sex Discrimination)**

51. Plaintiff Rhoda re-alleges paragraphs one through forty-one [*sic*] as if fully re-written herein.

**ANSWER:** Defendants restate their answers to the allegations in Paragraphs 1 through 50 of Plaintiff's Complaint as if fully stated herein.

52. Plaintiff Rhoda is a female. Plaintiff Rhoda had all the necessary physical and mental capabilities to successfully perform her position.

**ANSWER:** Defendants admit that Plaintiff identified as female. Defendants deny the remaining allegations in Paragraph 52 of Plaintiff's Complaint.

53. During the relevant time periods, plaintiff did make serious efforts to perform her position as a Pollice [*sic*] Officer but was systematically denied her position when her superiors suggested that she had violated department procedures.

**ANSWER:** Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Defendant City of Indianapolis's sexually discriminatory conduct was based upon the fact that Plaintiff Rhoda is a female and constituted unlawful sex discrimination.

**ANSWER:** Defendants deny that they engaged in sexually discriminatory conduct, and deny the remaining allegations in Paragraph 54 of Plaintiff's Complaint.

55. Defendant City of Indianapolis did nothing to remedy the complaint of a hostile work environment by reason of the conduct exhibited towards plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendant City of Indianapolis's sexual discrimination has deprived Plaintiff Rhoda of equal employment opportunities in violation of 42 U.S.C. §2000e-2, §2000e-5 and U.S.C. §1981(a).

**ANSWER:** Defendants deny that they discriminated against Plaintiff, deny that they violated any federal or state law with respect to Plaintiff's employment, and deny any remaining allegations in Paragraph 56 of Plaintiff's Complaint.

57. At all times material herein, Defendant City of Indianapolis has acted with malice toward plaintiff and with reckless indifference to plaintiff's rights.

**ANSWER:** Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58. As a proximate result of Defendant City of Indianapolis's sexual discrimination, Plaintiff Rhoda has been and is now being deprived of income in the form of wages and other fringe benefits, including pension rights, for which defendants are liable, in an amount to be proven at trial.

**ANSWER:** Defendants deny that they discriminated against Plaintiff, deny that they violated any federal or state law with respect to Plaintiff's employment, and deny any remaining allegations in Paragraph 58 of Plaintiff's Complaint.

59. As a further and proximate result of Defendant City of Indianapolis's sexual discrimination, Plaintiff Rhoda has suffered emotional distress, humiliation, embarrassment, and mental anguish, for which defendants are liable.

**ANSWER:** Defendants deny that they discriminated against Plaintiff, deny that they violated any federal or state law with respect to Plaintiff's employment, and deny any remaining allegations in Paragraph 59 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**
**(Retaliation)**

60. Plaintiff Rhoda re-alleges paragraphs one through fifty [*sic*] as if fully re-written herein.

**ANSWER:** Defendants restate their answers to the allegations in Paragraphs 1 through 59 of Plaintiff's Complaint as if fully stated herein.

61. The conduct of Defendants City of Indianapolis, the City of Indianapolis Police Department and Defendant Short [*sic*] and others in the discouragement and treatment of Plaintiff from her position as Police Officer was in retaliation for Plaintiff's prior complaints concerning

sexual harassment, misrepresentations of the work performance and safety procedures within the department which had been successful and part of the course of practice and custom of the department. Said retaliation by Defendants was done for the purpose of causing damage to Plaintiff through the loss of her position and damages to her property and persons.

**ANSWER:** Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**
**(§§501, 504, Rehabilitation Act of 1973)**

62. Plaintiff re-alleges the allegations contained in paragraphs one through fifty-two [*sic*] as if fully rewritten.

**ANSWER:** Defendants restate their answers to the allegations in Paragraphs 1 through 61 of Plaintiff's Complaint as if fully stated herein.

63. Plaintiff is not required to exhaust his [*sic*] Title VII remedies under Section 504 of the Rehabilitation Act.

**ANSWER:** The allegations in Paragraph 63 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64. Plaintiff has a private cause of action under Sections 501 and 504 of the Rehabilitation Act of 1973, as amended.

**ANSWER:** The allegations in Paragraph 64 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65. Defendant is required under Section 501 of the Rehabilitation Act to take affirmative steps to ensure that individuals with disabilities have equal access to employment opportunities.

**ANSWER:** The allegations in Paragraph 65 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the Rehabilitation Act imposes certain requirements upon the City of Indianapolis. Defendants deny the remaining allegations in Paragraph 65 of Plaintiff's Complaint.

66. Defendant [*sic*] placed plaintiff in an employment position that was not to accommodate plaintiff's mental disability.

**ANSWER:** Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67. Defendant [*sic*] knew that plaintiff had this disability but refused to offer employment that would accommodate this disability.

**ANSWER:** Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Plaintiff is a person with a disability defined by the Rehabilitation Act of 1973.

**ANSWER:** The allegations in Paragraph 68 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69. Defendant's [*sic*] refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified employee, solely on the basis of his[*sic*] disability violates Section 501 of the Rehabilitation Act, 29 U.S.C. §791.

**ANSWER:** Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Defendant's [*sic*] refusal to consider, hire or make reasonable accommodations for plaintiff, an otherwise qualified [*sic*], solely on the basis of his [*sic*] disability, violates Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

**ANSWER:** Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

**FIFTH CAUSE OF ACTION**
**(Negligent infliction of emotional distress)**

71. Plaintiff reasserts the allegations in paragraph one through sixty-one [*sic*] as if fully rewritten herein.

**ANSWER:** Defendants restate their answers to the allegations in Paragraphs 1 through 70 of Plaintiff's Complaint as if fully stated herein.

72. The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

**ANSWER:** Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

73. During 2022 and subsequently, Defendants, acting under their authority, made the above statements recklessly about Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74. The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

**ANSWER:** Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75. The conduct of the Defendants was extreme and outrageous.

**ANSWER:** Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76. The Plaintiff incurred severe emotional distress as a result of the Defendant's conduct.

**ANSWER:** Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

**SIXTH CAUSE OF ACTION**
**(Intentional infliction of emotional distress)**

77. Plaintiff reasserts the allegations in paragraph one through sixty-seven [*sic*] as if fully rewritten herein.

**ANSWER:** Defendants restate their answers to the allegations in Paragraphs 1 through 76 of Plaintiff's Complaint as if fully stated herein.

78. The acts of Defendant City of Indianapolis were extreme and outrageous, and Defendants acted recklessly or with the intent of causing the Plaintiff severe emotional distress.

**ANSWER:** Defendants deny the allegations in Paragraph 78 of Plaintiff's Complaint.

79. The Plaintiff incurred severe emotional distress as a result of Defendants' conduct.

**ANSWER:** Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

80. The Defendants are liable for the acts of their employees under the doctrine of respondeat superior.

**ANSWER:** The allegations in Paragraph 80 of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

**WHEREFORE**, Plaintiff hereby respectfully demands the following relief:

a) An award, jointly and severally in excess of the trial court's minimum jurisdictional amount for each cause of action, against each of the Defendants, of the Plaintiff's

damages on the First, Second, Third, Fourth, Fifth, Sixth, Seven, [*sic*] Eighth [*sic*] and Ninth [*si*c] causes of action herein, along with interest and costs thereon.

b) An award, jointly and severally, against defendants of punitive and exemplary damages of $500,000.

c) Such other and further relief as to [*sic*] this Court may seem just and proper.

**ANSWER:** Defendants admit that Plaintiff is seeking relief but deny they violated any federal or state law and deny that Plaintiff is entitled to any relief whatsoever, including but not limited to any compensatory, punitive, or exemplary damages.

## JURY DEMAND

It is hereby demanded by Plaintiff Kelley Rhoda that this matter be tried before a jury of her peers.

**ANSWER:** Defendants admit that Plaintiff requests a trial by jury on all issues so triable but deny that Plaintiff is entitled to a jury trial on issues where there is no right to a jury trial, including equitable issues and relief. Defendants deny they violated any federal or state law with respect to Plaintiff's employment and deny that Plaintiff is entitled to any relief whatsoever.

FBT GIBBONS LLP

By: */s/Toni M. Everton*
Toni M. Everton, #23916-49
Alyson Reed, #38321-49

teverton@fbtgibbons.com
areed@fbtgibbons.com

*Attorneys for Defendants*

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants City of Indianapolis and Christopher Bailey (collectively, "Defendants"), by counsel, pursuant to Fed. R. Civ. P. 8(c), and subject to further investigation and discovery, hereby assert the following defenses in this matter:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendants deny each and every allegation contained in Plaintiff's Complaint which they have not specifically admitted herein.

3. The individual Defendant lacks sufficient personal involvement.

4. Any individual Defendant is entitled to qualified immunity.

5. To the extent Plaintiff has failed to mitigate her damages, she is barred from recovery or, in the alternative, her damages are reduced.

6. To the extent that Plaintiff has received or does receive payments for her injuries any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation.

7. Plaintiff's claims are barred, in whole or in part, to the extent her claims are outside the scope of her notice of tort claim.

8. Plaintiff's state law claims are barred to the extent she has failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code § 34-13-3-1, *et seq*.

9. To the extent that Plaintiff's lawsuit alleges state tort claims, Defendants are immune under Indiana's Tort Claim Act, Indiana Code § 34-13-3-3, *et seq*., including but not limited to, immunities for law enforcement and discretionary functions.

10. Plaintiff may not recover damages on any state law claims against any individual for the acts committed within the scope of his or her employment.

11. Plaintiff's right to recovery, if any, is limited under federal and state law. Defendants' combined aggregate liability may not exceed the cap identified in Indiana Code § 34-13-3-4.

12. To the extent that Plaintiff's Complaint seeks punitive damages, these claims are barred against a governmental employee or entity under state law and against any governmental entity as a matter of federal law.

13. Plaintiff's claims for attorneys' fees are barred by Indiana law.

14. Defendants' actions were at all times taken in good faith and for legitimate business reasons and not for any discriminatory, retaliatory, or illegal purpose, and the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of any protected status.

15. All actions taken by Defendants with respect to Plaintiff were based on factors other than her gender, any alleged disability, or in retaliation for any alleged protected activity.

16. Defendants' alleged acts or failures to act were not the cause or proximate cause of Plaintiff's alleged damages.

17. There was no policy, practice or procedure that was the cause of Plaintiff's injuries.

18. Plaintiff is not entitled to a jury trial on issues where there is no federal right to a jury trial, including equitable issues and relief.

19. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, waiver, estoppel and/or the doctrine of laches.

20. Plaintiff's claims are barred, in whole or in part, to the extent her claims are outside the scope of her Charge of Discrimination.

21. Plaintiff's claims are barred, in whole or in part, to the extent she failed to timely file the Complaint after receipt of the EEOC's Notice of Right to Sue.

22. Plaintiff's claims are barred, in whole or in part, by her own misconduct.

**WHEREFORE**, Defendants City of Indianapolis and Christopher Bailey respectfully request that the Plaintiff take nothing by way of her Complaint, that the Court enter judgment for the Defendants and award Defendants their costs and attorney's fees incurred in defending this action, and for all other just and proper relief.

FBT GIBBONS LLP

By: *<u>/s/Toni M. Everton</u>*

Toni M. Everton, #23916-49
Alyson Reed, #38321-49
111 Monument Circle, Suite 4500
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
teverton@fbtgibbons.com
areed@fbtgibbons.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

F. Harrison Green
The Green Law Firm L.P.A., Inc.
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241

FBT GIBBONS LLP

By: *[/s/Toni M. Everton]*

Toni M. Everton, #23916-49
Alyson Reed, #38321-49
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
teverton@fbtgibbons.com
areed@fbtgibbons.com

*Attorneys for Defendants*

LR02314.0754710 4929-0007-0093v2